**FILED**
DEC 14 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

'07 MJ 8983

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MAGISTRATE CASE NO.: _____ |
| Plaintiff, ) | |
| v. ) | COMPLAINT FOR VIOLATION OF: |
| ) | |
| Jorge Arturo BARRERA-Garcia ) | Title 8, U.S.C. § 1324(a)(2)(B)(ii) |
| ) | Bringing in Illegal Aliens for Financial |
| Defendant. ) | Gain |

The undersigned complainant, being duly sworn, states:

On or about December 12, 2007, within the Southern District of California, defendant Jorge Arturo BARRERA-Garcia, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Belia Guadalupe AMBRIZ-Pulido and Gloria ESPINO-Aguirre, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, 1324(a)(2)(B)(ii).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

IZABEL FIGUEROA, CBP
Criminal Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 14TH DAY OF DECEMBER 2007.

PETER C. LEWIS
U. S. Magistrate Judge

1  UNITED STATES OF AMERICA
2      v.
3  Jorge Arturo BARRERA-Garcia

4                       STATEMENT OF FACTS

5      The complainant states that this complaint is based upon the reports of the apprehending
6  officers and the investigation conducted by United States Customs & Border Protection Enforcement
7  Officer Leticia Casillas.

8      On December 12, 2007, at approximately 2:43 p.m., Jorge Arturo BARRERA-Garcia arrived
9  at the Calexico, CA East Port of Entry, as the driver of a 1993 Chevrolet Blazer and was
10 accompanied by Gloria ESPINO Aguirre and Belia Guadalupe AMBRIZ-Pulido.

11     During the primary inspection, BARRERA gave a negative Customs declaration to U. S.
12 Border Protection Officer S. Baca. Officer Baca asked BARRERA where she was going.
13 BARRERA stated to the WalMart Store in Calexico. Officer Baca referred all occupants and the
14 vehicle to the secondary inspection area.

15     In the secondary inspection area, BARRERA gave a negative Customs declaration to Officer
16 Barnes. Officer Barnes was able to determine all the occupants presented false immigration
17 documents. Officer Bosquet compared all the subjects' photographs and fingerprints to the
18 documents they presented and confirmed that all occupants were imposters as the documents were
19 not theirs. Records disclosed BARRERA is a native and citizen of Mexico with numerous
20 apprehensions for being an imposter and driver of vehicles with imposters.

21     BARRERA was placed under arrest and advised of her rights per Miranda. BARRERA
22 stated he understood his rights and agreed to answer questions without the presence of an attorney.
23 BARRERA stated he understood his rights and would answer questions without an attorney present.

24     BARRERA stated his brother made arrangements' with a guy they call "El Gordo" whom
25 told him to meet him at a park in Mexicali, Mexico. BARRERA stated once at the park he noticed
26 the other two females, ESPINO and AMBRIZ, were already in the car at the park. "El Gordo" gave
27 BARRERA the document he presented at the Port Of Entry. BARRERA claimed "El Gordo" told
28 him once in the United States he was to go to the gas station where another male would meet him

1  and take him and the two females to Los Angeles, California. BARRERA claimed that his brother
2  told him that "El Gordo" charged him $3800.00 but if he drove the car across with the two females
3  he would only pay $3000.00. BARRERA admitted that every time he has been apprehended as a
4  driver "El Gordo" has been giving him false documents for him to use in the last seven attempts in
5  which he has been the driver of additional imposters to false documents.

6  Material Witness Belia Guadalupe AMBRIZ Pulido stated that she is a citizen and native of
7  Mexico with no legal documents to enter, reside or pass through the United States. AMBRIZ stated
8  that her friend put her in contact with a smuggler who goes by the name "El Chino". AMBRIZ made
9  arrangements' with "El Chino" to have her smuggled into the United States. AMBRIZ stated she was
10 going to pay the smuggler approximately $2,500.00 to be smuggled into the United States, and that
11 her final destination would have been Los Angeles.

12 Material Witness Gloria ESPINO Aguirre stated that she is a citizen and native of Mexico with
13 no legal entry documents to enter, reside or pass through the United States. ESPINO stated that he made
14 the smuggling arrangements with unknown male in Mexicali, Baja California, Mexico to be smuggled
15 into the United States illegally. ESPINO stated he was going to be charged $3,800.00 to be smuggled into
16 the United States, and that her final destination would have been Richmond, California where she was
17 to resume her residence of over 20 years. ESPINO stated that the unknown male gave her the document
18 she was to present at the time of entry and that BARRERA was already at the park when she got
19 there. At the park she was instructed to get in the front seat of the vehicle, where BARRERA handed
20 her a paper instructing what to say, where she was going, where she applied for the document.

21 Material Witness:
      Name                                              Country of Birth
22
23 Gloria ESPINO Aguirre                                MEXICO
   Belia Guadalupe AMBRIZ Pulido                       MEXICO

24 Further, the complainant states that she believes said aliens are citizens of a country other than
25 the United States; that said aliens have admitted that they are deportable; that their testimony is
26 material, that it is impracticable to secure their attendance at the trial by subpoena; and they are
27 material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant
28 to Title 18, United States Code, Section 3144.